## CAHN v. KENSLER.

*(Circuit Court, W. D. Missouri, W. D.*   March 16, 1888.)

NEW TRIAL—OBJECTIONS TO VERDICT.
Although facts are presented upon the trial which would have induced the court to sustain defendant's demurrer setting up that the contract sued on was contrary to the constitution and laws of the state, the jury having found a question of fact against defendant, which the supreme court might hold sufficient to render him liable, and all the facts being preserved in the record by bill of exceptions, the motion for a new trial will be overruled.

At Law.   On motion for new trial.
*Graves & Aull* and *G. G. Vest*, for plaintiff.
*Warner, Dean & Hagerman*, for defendant.

BREWER, J.   In overruling defendant's application for a new trial, I feel constrained to make these observations:   The petition alleges that plaintiff and defendant jointly paid and delivered to the lottery company the sum of $10, for which amount the said company then and there duly delivered to defendant two tickets, and further that one of the tickets drew the capital prize, and thereafter the defendant received the money.   To that petition the defendant answered, and for a second defense averred that both parties were citizens and residents of Missouri at the time of the transaction, and that the constitution and laws of Missouri prohibited dealing in lottery tickets.   To that defense the plaintiff demurred, and, after argument, I sustained the demurrer.   While the exact facts as they were afterwards developed on the trial may have been stated by counsel, yet the question was considered by me as though each of the parties had in fact paid one-half of the money,—five dollars,—and the point of my decision was that if each party had paid one-half, they jointly owned the tickets, and whatever might be received on those tickets; and if either got possession of the whole proceeds, the

other could recover his share.   On the trial these facts were developed: The plaintiff's testimony was, not that he had paid his five dollars, but that he had agreed to; and up to the time of the drawing, and the receipt of the money by defendant, plaintiff had never paid a cent.   It is true, according to his theory of the case,—a theory found by the jury to have been the truth,—he had promised to pay.   Now, I am frank to say that, upon these facts, I am very doubtful whether the law is with the plaintiff.   Dealing in lottery tickets is prohibited by the laws and constitution of the state.   Could an executory contract be enforced?   Put the question in this light: Suppose no money had been drawn, could defendant have maintained an action to recover the five dollars which plaintiff had promised to pay?   If that promise was void as in contravention of the laws, can it be that his promise, thus void, made him a joint owner?   I very much doubt it, and I have been embarrassed as to what course I ought to pursue.   I think that if on the argument of the demurrer I had understood the facts as I do now, I should have ruled against the plaintiff; but a long trial has been had, a question of fact has been settled against the defendant, and it may be that the supreme court will hold that this promise to pay was equivalent to payment; if so, the judgment ought to be as it is, and with some hesitation I have concluded to let the judgment stand, and overrule the defendant's application for a new trial; for, the facts all being upon the record, having been duly preserved by bill of exceptions, the defendant can obtain a final opinion from the supreme court.   If in his favor, it will end the case, and so it will if it be against him.   I felt that this explanation was due to myself.   The order will be that the application for a new trial is overruled.